UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL SPANO,

Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC, ET AL.

Defendants.

---

Civil Action No. 6:16-CV-06419-EAW

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY THIS ACTION, AND STRIKE ALL CLASS/COLLECTIVE CLAIMS FROM THE COMPLAINT**

BOND, SCHOENECK & KING, PLLC
Sharon M. Porcellio, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone: (716) 416-7000
Fax: (716) 416-7001

Katherine S. McClung, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone: (585) 362-4700
Fax: (585) 362-4701

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

APPLICABLE LEGAL STANDARD .......... 1

ARGUMENT .......... 3

I. Plaintiff Spano Entered into an Arbitration Agreement with V&J Employment Services, Inc. .......... 3

II. Defendants Are Third Party Beneficiaries and May Enforce the Arbitration Agreement. .......... 4

III. The Arbitration Agreement Clearly Encompasses Plaintiff's Claims in this Action. .......... 7

IV. Congress Did Not Intend FLSA Claims to Be Non-Arbitrable. .......... 7

V. The Plaintiff Should Not Be Permitted to Pursue Class or Collective Arbitration. .......... 8

VI. Plaintiff May Not Assert Class or Collective Claims, and Any Such Claims Should Be Stricken From His Complaint. .......... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
133 S. Ct. 2304 (2013) ............ 1, 2, 6, 9

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ............ 2, 9

*Bynum v. Maplebear Inc.*,
2016 U.S. Dist. LEXIS 17644 (E.D.N.Y. Feb. 12, 2016) ............ 2, 8

*Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*,
2016 U.S. Dist. LEXIS 73039 (S.D.N.Y. Feb. 3, 2016) ............ 8

*Citibank, N.A. v. Franco*,
2011 U.S. Dist. LEXIS 150741 (S.D.N.Y. Dec. 29, 2011) ............ 6

*D'Antuono v. Serv. Rd. Corp.*,
789 F. Supp. 2d 308 (D. Conn. 2011) ............ 9

*David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*,
923 F.2d 245 (2d Cir. 1991) ............ 7

*Davis v. Wells Fargo Advisors LLC*,
2014 U.S. Dist. LEXIS 48361 (D. Ariz. Apr. 8, 2014) ............ 10

*Diaz v. Mich. Logistics, Inc.*,
2016 U.S. Dist. LEXIS 27499 (E.D.N.Y. March 1, 2016) ............ 4

*Ekryss v. Ignite Rest. Grp., Inc.*,
2016 U.S. Dist. LEXIS 120818 (W.D.N.Y. Sept. 7, 2016) ............ 8

*Eshagh v. Terminix Int'l Co., L.P.*,
588 Fed. Appx. 703 (9th Cir. 2014) ............ 9

*Fedotov v. Peter T. Roach & Assocs., P.C.*,
2006 U.S. Dist. LEXIS 11422 (S.D.N.Y. March 16, 2006) ............ 5

*Greene v. Subcontracting Concepts, L.L.C.*,
2014 U.S. Dist. LEXIS 36271 (S.D.N.Y. Mar. 19, 2014) ............ 3

*JLM Indus. v. Stolt-Nielsen SA*,
387 F.3d 163 (2d Cir. 2004) ............ 3

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
460 U.S. 1 (1983) ............ 7

*Nat'l Union Fire Ins. Co. v. Beelman Truck Co.*,
2016 U.S. Dist. LEXIS 113919 (S.D.N.Y. Aug. 24, 2016) ........................................6

*Patterson v. Raymours Furniture Co.*,
2016 U.S. App. LEXIS 16240 (2d Cir. Sept. 2, 2016) ...........................................4

*Raniere v. Citigroup*,
533 Fed. Appx. 11 (2d Cir. Aug. 12, 2013) ..................................................8

*Reynolds v. de Silva*,
2010 U.S. Dist. LEXIS 18040 (S.D.N.Y. Feb. 24, 2010) ........................................8

*Sena v. Uber Techs.*,
2016 U.S. Dist. LEXIS 47141 (D. Ariz. Apr. 7, 2016) ..........................................9

*Spear, Leeds & Kellogg v. Central Life Assur. Co.*,
85 F.3d 21 (2d Cir. 1996) ...................................................................3, 5

*Stern v. eSpeed, Inc.*,
2006 U.S. Dist. LEXIS 68655 (S.D.N.Y. Sept. 22, 2006) .......................................3

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*,
559 U.S. 662 (2010) .........................................................................8, 9

*Sutherland v. Ernst & Young LLP*,
726 F.3d 290 (2d Cir. 2013) ............................................................. *passim*

*Whitehaven S.F., LLC v. Spangler*,
633 Fed. Appx. 544 (2d Cir. 2015) ..........................................................3

*WorldCrisa Corp. v. Armstrong*,
129 F.3d 71 (2d Cir. 1997) ..................................................................6

**Statutes**

9 U.S.C. §§ 2-3 ..............................................................................2

9 U.S.C. § 4 ..................................................................................9

Defendants V&J National Enterprises, LLC ("V&J National"), V&J United Enterprises, LLC ("V&J United") and V&J Holding Companies, Inc. ("V&J Holding") (collectively, "V&J Affiliates" or "Defendants"), through their counsel and pursuant to the Federal Arbitration Act, respectfully submit this memorandum of law in support of their Motion to Compel Individual Arbitration, Stay this Action, and Strike All Class/Collective Claims from the Complaint.

## PRELIMINARY STATEMENT

Plaintiff Daniel Spano executed an Arbitration and Collective/Class Waiver Agreement (the "Arbitration Agreement") with his employer, V&J Employment Services, Inc. ("V&J Employment"), in November 2015. In the Arbitration Agreement, Plaintiff agreed to arbitrate any claims against V&J Employment, V&J National, V&J United and any other affiliates (such as V&J Holding). He also agreed to pursue any claims in an individual capacity only, and waived the right to pursue any class or collective claims.

The Arbitration Agreement expressly provides that the V&J Affiliates are third party beneficiaries and may enforce the contract directly. Thus, in accordance with the contractual terms agreed upon by Plaintiff Spano, the V&J Affiliates seek to compel individual arbitration of Plaintiff's claims and stay this action pending the completion of that arbitration. Additionally, since Plaintiff had expressly waived the right to pursue any class or collective claims, the V&J Affiliates respectfully request that this Court strike all such claims from the Complaint.

## APPLICABLE LEGAL STANDARD

The FAA "establishes 'a liberal federal policy favoring arbitration agreements . . .'" *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 295 (2d Cir. 2013) (quoting *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012)). The FAA "reflects the overarching principle that arbitration is a matter of contract." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304,

2309 (2013); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (holding that arbitration "is a matter of contract"). Thus, "courts must rigorously enforce arbitration agreements according to their terms, including terms that specify with whom [the parties] choose to arbitrate their disputes, and the rules under which that arbitration will be conducted." *Italian Colors Rest.*, 133 S. Ct. at 2309 (internal citations and quotations marks omitted; alteration in original).

"[T]he FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Bynum v. Maplebear Inc.*, 2016 U.S. Dist. LEXIS 17644, at *12 (E.D.N.Y. Feb. 12, 2016) (quoting *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987)). Specifically, the Federal Arbitration Act provides that:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…

9 U.S.C. §§ 2-3.

In order to determine whether proceedings should be stayed pending arbitration, district courts generally consider the following: (1) whether there is an arbitration agreement; (2) whether the asserted claims fall within the scope of the arbitration agreement; (3) if federal statutory claims are at issue, whether Congress intended such claims to be non-arbitrable; and (4) if only some of the claims are arbitrable, whether to stay the balance of the proceedings pending

arbitration. *See JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (listing factors for courts to consider); *see also Whitehaven S.F., LLC v. Spangler*, 633 Fed. Appx. 544, 545-546 (2d Cir. 2015) (summary order) ("A court must compel arbitration if it determines that a contractually valid arbitration agreement exists under the relevant state law and that the parties' dispute falls within the scope of that agreement."); *Spear, Leeds & Kellogg v. Central Life Assur. Co.*, 85 F.3d 21, 25 (2d Cir. 1996) (ruling that courts need "to determine whether [the party resisting arbitration] entered into an agreement to arbitrate" and then "proceed to decide whether a given dispute falls within the scope of that agreement"); *Greene v. Subcontracting Concepts, L.L.C.*, 2014 U.S. Dist. LEXIS 36271, at *5 (S.D.N.Y. Mar. 19, 2014) ("[A] court should order arbitration if it is satisfied that the agreement to arbitrate: (1) was validly formed; (2) is enforceable; and (3) applies to the dispute at issue.").

## ARGUMENT

### I. Plaintiff Spano Entered into an Arbitration Agreement with V&J Employment Services, Inc.

Plaintiff Spano executed the Arbitration Agreement with his employer, V&J Employment, in November 2015. (*See* Garagozzo Decl.[1] Ex. 1). In the Arbitration Agreement, Plaintiff expressly agreed to submit certain claims to arbitration. (*See* Section III, *infra*, for a discussion of the scope of the agreement). Plaintiff received valid consideration in exchange for executing the Arbitration Agreement – both continued employment and a promise that V&J Employment would arbitrate any claims against him. *See Stern v. eSpeed, Inc.*, 2006 U.S. Dist. LEXIS 68655, at *6-7 (S.D.N.Y. Sept. 22, 2006) (holding that the "continuation of employment alone is sufficient consideration to enforce such an agreement" to arbitrate). The Second Circuit

[1] Parenthetical citations to "Garagozzo Decl." reference the Declaration of Wendy Garagozzo, submitted with this memorandum.

recently confirmed that arbitration agreements with class waivers are enforceable in the employment context. *See Sutherland*, 726 F.3d 290 (reversing the district court's denial of the employer's motion to compel individual arbitration of the employee's FLSA and NYLL claims).

Plaintiff may argue that the Arbitration Agreement violates the National Labor Relations Act ("NLRA") because it contains a class waiver provision. Indeed, after commencing this action, Plaintiff Spano filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), making that very argument. (*See* McClung Decl.[2] However, the Second Circuit has already squarely rejected this argument. *See Sutherland*, 726 F.3d at 297 n.8 (rejecting the NLRB's position that class waivers violate the NLRA); *see also Patterson v. Raymours Furniture Co.*, 2016 U.S. App. LEXIS 16240 (2d Cir. Sept. 2, 2016) (ruling that the Second Circuit has "unquestionably rejected the NLRB's analysis" and embraced the position that class waivers do not violate the NLRA). Given this clear Second Circuit precedent, this argument does not provide a basis to deny this motion.[3] *See, e.g.*, *Diaz v. Mich. Logistics, Inc.*, 2016 U.S. Dist. LEXIS 27499, at *19 (E.D.N.Y. March 1, 2016) (rejecting *D.R. Horton*, holding that "the class and collective action waivers are enforceable against Plaintiffs" and granting defendants' motion to compel arbitration on FLSA and NYLL claims).

## II. Defendants Are Third Party Beneficiaries and May Enforce the Arbitration Agreement.

In an apparent attempt to evade arbitration, Plaintiff Spano opted not to sue his employer, V&J Employment, and instead sued several related entities (V&J National, V&J United and V&J

[2] Parenthetical citations to "McClung Decl." reference the Declaration of Katherine McClung, Esq., submitted with this memorandum.

[3] The enforceability of the class waiver is properly before this Court because the Arbitration Agreement expressly provides that an arbitrator "shall have no power or authority to . . . rule on the validity and enforceability of the Class Action waiver provided for herein." (*See* Agreement ¶ 6; *see also* Section V, *infra*).

Holdings). However, it is well settled in the Second Circuit that "the FAA requires the enforcement of an arbitration agreement not just in favor of parties to the agreement, but also in favor of third party beneficiaries . . ." *Spear, Leeds*, 85 F.3d at 25 (2d Cir. 1996); *see also Fedotov v. Peter T. Roach & Assocs., P.C.*, 2006 U.S. Dist. LEXIS 11422, at *8 (S.D.N.Y. March 16, 2006) (permitting a third party beneficiary of an arbitration agreement to require a signatory to arbitrate its claims).

Here, Defendants are third party beneficiaries to the Arbitration Agreement and as such, they are entitled to compel Plaintiff Spano to arbitrate his claims against them. Specifically, in paragraph 1 of the Arbitration Agreement, Plaintiff Spano agreed to arbitrate all claims against any of the following individuals and entities:

> V&J [Employment], its predecessors, affiliates, parents, subsidiaries, related business entities, franchisors, successors, assigns, and all of their current, former and retired officers, directors, principals, shareholders, owners, members, employees, employee benefit plans, employee benefit plan fiduciaries, and agents (all in their individual and representative capacities), including, but not limited to, V&J United Enterprises, LLC, V&J National Enterprises, LLC and Pizza Hut of America, LLC . . .

(*See* Agreement[4] ¶ 1). In paragraph 8 of the Arbitration Agreement, Plaintiff also acknowledged that each of these individuals and entities "are <u>third-party beneficiaries</u> of this Agreement and have the <u>right to enforce</u> this Agreement." (*See* Agreement ¶ 8 (emphasis added)).

V&J United and V&J National are expressly listed as third party beneficiaries. V&J Holding is also a third beneficiary of the Arbitration Agreement because it is an affiliate of V&J Employment (as well as a related business entity). While the Arbitration Agreement does not define the term "affiliates," "the plain meaning of the word 'affiliate' unambiguously includes

[4] Parenthetical references to "Agreement" refer to the Arbitration Agreement. This document is attached as Exhibit 1 to the Declaration of Wendy Garagozzo, submitted in support of this motion.

corporations controlled by the same person or entity." *Nat'l Union Fire Ins. Co. v. Beelman Truck Co.*, 2016 U.S. Dist. LEXIS 113919, at *16 (S.D.N.Y. Aug. 24, 2016) (concluding that the term "affiliates" in an arbitration agreement covered several entities that had common ownership with a signatory); *see also Citibank, N.A. v. Franco*, 2011 U.S. Dist. LEXIS 150741, at *10 (S.D.N.Y. Dec. 29, 2011) (same). Because V&J Holding and V&J Employment are owned by the same two individuals, V&J Holding is an affiliate of V&J Employment and thus is a third party beneficiary under the express terms of the Arbitration Agreement. (*See* Hoelzl Decl. ¶¶ 4-5).

As third party beneficiaries, Defendants are entitled to compel arbitration. Under the express terms of the Arbitration Agreement, Plaintiff Spano agreed to arbitrate claims against other entities beyond V&J Employment, and further agreed that such entities were third party beneficiaries entitled to enforce the Arbitration Agreement. As the Supreme Court recently held, "courts must rigorously enforce arbitration agreements according to their terms, including terms that specify <u>with whom</u> [the parties] choose to arbitrate their disputes . . ." *Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) (internal quotation marks and citations omitted; emphasis and alteration in original).

Where "a party to an arbitration agreement attempts to avoid that agreement by suing a related party with which it has no arbitration agreement . . ., 'such a maneuver should not be allowed to succeed . . .'" *See WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (quoting *IDS Life Ins. Co. v. Sunamerica, Inc.*, 103 F.3d 524 (7th Cir. 1996) (Posner, C.J.)). Accordingly, Defendants respectfully request that this Court enforce the plain terms of the Arbitration Agreement, and compel individual arbitration of Plaintiff's claims against the Defendants.

## III. The Arbitration Agreement Clearly Encompasses Plaintiff's Claims in this Action.

"Federal policy requires [courts] to construe arbitration clauses as broadly as possible." *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d 245, 250 (2d Cir. 1991) (internal quotation marks omitted). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . ." *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Here, Plaintiff Spano agreed to the following:

> I, Dan Spano, agree to use confidential binding arbitration, instead of going to court, for <u>any claims</u>, including any claims now in existence or that may exist in the future . . . that I have against V&J, its predecessors, affiliates, parents, subsidiaries, related business entities, . . ., including, but not limited to, V&J United Enterprises, LLC, V&J National Enterprises, LLC and Pizza Hut of America, LLC . . .
>
> Without limitation, such claims include any claims concerning . . . wages, expense reimbursement, compensation, . . . [or] employment . . .[;] any tort claims; any common law claims; [and] any statutory claims . . .

(Agreement ¶¶ 1-2 (emphasis added)). In his lawsuit, Plaintiff alleges that Defendants failed to pay minimum wage to Plaintiff and the putative class and collective members. (*See* Compl.[5] ¶¶ 64, 77). Plaintiff asserts two statutory claims under the FLSA and the NYLL and one common law claim for unjust enrichment. (*See* Compl. ¶¶ 54-89). Plaintiff's claims are clearly within the scope of the arbitration agreement.

## IV. Congress Did Not Intend FLSA Claims to Be Non-Arbitrable.

"The enforceability mandate of the FAA may be overridden by a showing of a contrary congressional command—a party opposing arbitration bears the burden of demonstrating that Congress intended to preclude a waiver of judicial remedies for the particular statutory rights at

---

[5] Parenthetical references to "Compl." refer to the Collective/Class Action Complaint in this action. This document is attached as Exhibit 1 to the Declaration of Katherine McClung, submitted in support of this motion.

issue." *Bynum*, 2016 U.S. Dist. LEXIS 17644, at *17 (citing *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).

Here, Plaintiff cannot meet that burden. The Second Circuit recently ruled that "the FLSA does not include a 'contrary congressional command' that prevents the underlying arbitration agreement from being enforced by its terms." *Sutherland*, 726 F.3d at 297 (2d Cir. 2013). Indeed, courts in this Circuit regularly compel arbitration of FLSA (and NYLL) claims. *See, e.g.*, *Raniere v. Citigroup*, 533 Fed. Appx. 11 (2d Cir. Aug. 12, 2013) (summary order) (reversing district court's denial of motion to compel individual arbitration on FLSA and NYLL claims); *Sutherland*, 726 F.3d at 295 (reversing district court's denial of motion to compel individual arbitration on FLSA and NYLL claims); *Ekryss v. Ignite Rest. Grp., Inc.*, 2016 U.S. Dist. LEXIS 120818 (W.D.N.Y. Sept. 7, 2016) (granting motion to compel arbitration of FLSA and state labor law claims against a restaurant chain); *Bynum*, 2016 U.S. Dist. LEXIS 17644 (granting motion to compel arbitration of FLSA and NYLL claims); *Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 2016 U.S. Dist. LEXIS 73039 (S.D.N.Y. Feb. 3, 2016) (granting motion to compel arbitration of FLSA and NYLL claims); *see generally Reynolds v. de Silva*, 2010 U.S. Dist. LEXIS 18040, at *12 (S.D.N.Y. Feb. 24, 2010) (collecting cases where courts found FLSA and NYLL claims to be arbitrable).

**V. The Plaintiff Should Not Be Permitted to Pursue Class or Collective Arbitration.**

The Supreme Court has explained that "parties may agree to limit the issues they choose to arbitrate . . . [and] [t]hey may choose who will resolve specific disputes." *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010). Here, the Arbitration Agreement contains an important limitation – it provides that "any arbitrator adjudicating claims under this Agreement shall have <u>no power or authority</u> . . . to rule on the validity and enforceability of the Class Action Waiver provided for herein." (Agreement, ¶ 6 (emphasis added)). Thus, this issue

should be decided by this Court. Defendant respectfully requests that this Court enforce the Agreement's express terms and compel individual arbitration. *See* 9 U.S.C. § 4 ("[T]he court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." (emphasis added)).

It is well settled that class waivers are enforceable and that no one can be compelled to engage in class arbitration unless they have agreed to do so. *See, e.g.*, *Italian Colors Rest.*, 133 S. Ct. 2304 (holding that the class waiver was enforceable); *Concepcion*, 563 U.S. at 348 ("[C]lass arbitration, to the extent it is manufactured by [a court rule] rather than consensual, is inconsistent with the FAA."); *Stolt-Nielsen*, 559 U. S. at 684 (holding that "[a] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so."); *Sutherland*, 726 F.3d at 295 (holding that an employee asserting FLSA and NYLL claims could not invalidate a class-action waiver provision based on her argument that the waiver removed the financial incentive for her to pursue a claim).

## VI. Plaintiff May Not Assert Class or Collective Claims, and Any Such Claims Should Be Stricken From His Complaint.

Because the Arbitration Agreement precludes Plaintiff from asserting class or collective claims in this Court (or in arbitration), Defendants also respectfully request that this Court strike all class and collective allegations from the Complaint. *See, e.g.*, *D'Antuono v. Serv. Rd. Corp.*, 789 F. Supp. 2d 308, 344 (D. Conn. 2011) (compelling arbitration of FLSA claims for two named plaintiffs and striking their class and collective action allegations from the complaint); *see also Eshagh v. Terminix Int'l Co., L.P.*, 588 Fed. Appx. 703, 703 (9th Cir. 2014) (affirming the district court's order compelling arbitration and striking class allegations from complaint); *Sena v. Uber Techs.*, 2016 U.S. Dist. LEXIS 47141, at *23 (D. Ariz. Apr. 7, 2016) (compelling

individual arbitration and striking class claims from complaint); *Davis v. Wells Fargo Advisors LLC*, 2014 U.S. Dist. LEXIS 48361, at *20 (D. Ariz. Apr. 8, 2014) (same).

**CONCLUSION**

Defendants respectfully request this Court grant its motion to compel individual arbitration, stay this action pending such arbitration, strike the class and collective claims from Plaintiff's complaint, and grant such other and further relief as the Court may deem just and proper.

DATED: October 4, 2016

BOND, SCHOENECK & KING, PLLC

By: /s/ Katherine S. McClung
Sharon M. Porcellio, Esq.
Katherine S. McClung, Esq.

Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone: (716) 416-7000
Fax: (716) 416-7001

350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone: (585) 362-4700
Fax: (585) 263-4701

*Attorneys for Defendants*

TO: Jeremiah Frei-Pearson, Esq.
D. Greg Blankinship, Esq.
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601