# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DANIEL SPANO, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC,
V&J UNITED ENTERPRISES, LLC, and
V&J HOLDING COMPANIES, INC.,

                Defendants.

6:16-cv-06419-EAW

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO FOR VOLUNTARY DISMISSAL

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................................1

ARGUMENT ..........................................................................................................................................1

    I.    Plaintiff's Request For Voluntary Dismissal Satisfies The *Zagano* Factors ........................1

    II.   Plaintiff's Request For Voluntary Dismissal Does Not Prejudice Defendants .........................2

        A.   The risk of a second lawsuit does not prejudice Defendants .........................................2

        B.   There is no prejudice to Defendants because Plaintiff has already initiated an individual arbitration proceeding ..................................................................3

    III.  Defendants' Request That The Court Order Plaintiff To Proceed With Individual Arbitration And Retain Jurisdiction Over The Matter Is Unnecessary ....................4

CONCLUSION .......................................................................................................................................4

# **TABLE OF AUTHORITIES**

**Cases**

*D'Alto v. Dahon California, Inc.,*
  100 F.3d 281 (2d Cir. 1996) ................................................................................ 2, 3

*Ibeto Petrochemical Indus. v. M/T Beffen,*
  412 F. Supp. 2d 285 (S.D.N.Y.) ........................................................................... 1, 3

*Ibeto Petrochemical Indus. V. M/T Beffen,*
  475 F.3d 56 (2d Cir. 2007) ...................................................................................... 2

*Kwan v. Schlein,*
  634 F.3d 224 (2d Cir. 2011) .................................................................................... 2

*Laforest v. Honeywell Intern., Inc.,*
  No. 03-6248, 2004 WL 941792 (W.D.N.Y. Mar. 2, 2004) ...................................... 2

*United States v. $7,877.61 U.S. Currency,*
  No. 09-6306, 2016 WL 5078380 (W.D.N.Y. Sept. 20, 2016) .................................. 4

*Vaughan Co. v. Global Bio-Fuels Tech., LLC,*
  No. 12-1292, 2016 WL 5360861 (N.D.N.Y. Sept. 22, 2016) .................................. 2

## PRELIMINARY STATEMENT

In their Opposition to Plaintiffs' Motion for Voluntary Dismissal (the "Opposition," Dkt. No. 36) Defendants[1] offer no substantive rebuttal to Plaintiff's argument that voluntary dismissal is appropriate under the five *Zagano* factors. Nor can they, for Plaintiff clearly satisfies this appropriate standard. Instead, Defendants present only an infirm protestation that they will be prejudiced should Plaintiff withdraw his suit against them. Defendants' claim of prejudice, supported by citing to only a single case, is unpersuasive for two reasons: first, Defendants' claim that they will be prejudiced if the Court does not rule on their Motion to Compel Arbitration (the "Motion to Compel," Dkt. No. 17) runs directly contrary to Second Circuit precedent, which holds that the mere prospect of a second lawsuit is insufficient to deny a motion for voluntary dismissal; second, Plaintiff has already begun an *individual* arbitration proceeding with the American Arbitration Association (the "AAA") as contemplated in the Arbitration Agreement that Defendant is seeking to enforce.

Because Plaintiff's motion for voluntary dismissal is reasonable under the *Zagano* factors and does not substantially prejudice Defendants, Plaintiff respectfully requests that the Court dismiss his case.

## ARGUMENT

### I. Plaintiff's Request For Voluntary Dismissal Satisfies The *Zagano* Factors

Although Defendants chose to ignore the five *Zagano* factors in their Opposition, application of these factors is crucial to a district court's consideration of a motion for voluntary dismissal. Indeed, in the appeal of *Ibeto Petrochemical Indus. v. M/T Beffen*, 412 F. Supp. 2d

---

[1] For the Court's convenience, this brief uses the same abbreviations as used in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Voluntary Dismissal, (the "Motion"). Dkt. No. 23-1.

285 (S.D.N.Y.), the only case that Defendants offered in direct support of their argument that Plaintiffs' request should be denied, the Second Circuit specifically held that these factors "bear upon the merits of a motion for voluntary dismissal" and that "[w]hether district court abuses its discretion in ruling on a voluntary dismissal motion cannot be determined without a consideration of these factors." *Ibeto Petrochemical Indus. V. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007); *see also D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 284 (2d Cir. 1996) ("Without its consideration of the *Zagano* factors, we cannot assess whether the district court abused its discretion in granting the plaintiffs' motion."). Defendants' cannot sidestep this crucial analysis.

Plaintiff has already explained in detail how this request for voluntary dismissal satisfies all five of the *Zagano* factors. Motion at 4-7. As Defendants have not put forth any competing arguments as to the application of these factors, Plaintiff respectfully requests that the Court find that Plaintiff's request for voluntary dismissal is valid under the *Zagano* factors.

## II. <u>Plaintiff's Request For Voluntary Dismissal Does Not Prejudice Defendants</u>

### A. The risk of a second lawsuit does not prejudice Defendants

Defendants claim that they will be prejudiced if they are denied a Court ruling on their Motion to Compel is unavailing. The only risk presented in not having that motion heard is that Plaintiff might again bring his claims in a subsequent lawsuit against Defendants. However, as courts in the Second Circuit, including Defendants' own cited case, *Vaughan Co. v. Global Bio-Fuels Tech., LLC*, No. 12-1292, 2016 WL 5360861 (N.D.N.Y. Sept. 22, 2016), have consistently held, dismissal would only be improper "if the defendant would suffer some plain legal prejudice <u>other than the mere prospect of a second lawsuit</u>." *Id*. at *2 (emphasis added; quoting *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011)); *see also Laforest v. Honeywell Intern., Inc.*, No. 03-6248, 2004 WL 941792, at *3 (W.D.N.Y. Mar. 2, 2004) ("The United States Supreme Court

recognized long ago that starting a litigation all over again does not constitute legal prejudice.") (quoting *D'Alto*, 100 F.3d at 283).

*Ibeto Petrochemical Indus.*, 412 F. Supp. 2d 285, the sole case cited by Defendants for the proposition that they would be prejudiced by granting Plaintiff's Motion, is inapposite. In that case, there was a separate court proceeding underway in Nigeria, which the court determined could create inconsistent verdicts with the defendant's surviving counterclaim. *Id.* at 290-91. Here there is no separate court proceeding that would cause "two litigations on the same issues." *Id.* at 291. As the risk of a second litigation does not prejudice Defendants, there is no reason to deny Plaintiff's Motion for Voluntary Dismissal.

### B. There is no prejudice to Defendants because Plaintiff has already initiated an individual arbitration proceeding

The sum and substance of Defendants' arguments throughout this case, including in their Opposition to this Motion, has always been that Plaintiff's claims should be heard in individual arbitration. *See* Defendants' Answer and Counterclaim, Dkt. No. 10; Motion to Compel, Dkt. No. 17; Opposition, Dkt. No. 36, at 7. However Plaintiff has already offered to stipulate to bringing these claims in individual arbitration (Dkt. No. 23-2, at ¶ 5; Dkt. No. 35-1, at ¶ 13) and in fact has now brought an individual arbitration claim before the AAA. Dkt. No. 35-1.[2]

Plaintiff has both expressly consented to, and now actively complied with, Defendants' insistence on individual arbitration. Defendants' insistence on litigating this moot topic is nothing more than a waste of judicial resources at this time.

---

[2] Defendants characterize the arbitration as "a class and collective arbitration." Opposition, Dkt. No. 36, at 3. This is inaccurate. Plaintiff's Arbitration Submission (Dkt. No. 35-1) is an individual arbitration claim filed with the AAA under the AAA's non-class rules (the AAA's rules provide for class and non-class proceedings), with non-class AAA personnel assigned and all Parties treating the arbitration as an individual arbitration. *See* Declaration of Jeremiah Frei-Pearson, at ¶ 3. The brief references to "collective" and "New York class" identified in the Declaration of Katherine McClung (Dkt. No. 35, at ¶ 7-8) are nothing more than scrivener's errors. *See* Declaration of Jeremiah Frei-Pearson, at ¶ 4.

### III. Defendants' Request That The Court Order Plaintiff To Proceed With Individual Arbitration And Retain Jurisdiction Over The Matter Is Unnecessary

Defendants have also requested that the Court issue an Order requiring Plaintiff to proceed with his claims on an individual basis in arbitration. As described above, this is precisely what Plaintiff has already agreed to stipulate to and has now done by brining his individual arbitration claim before the AAA. Dkt. No. 35-1.

Defendants' sole case citation for the proposition that the Court should issue an Order requiring Plaintiff to bring individual arbitration and that the Court should maintain jurisdiction over the issue, is completely inapposite. *United States v. $7,877.61 U.S. Currency*, No. 09-6306, 2016 WL 5078380 (W.D.N.Y. Sept. 20, 2016) is a forfeiture action, where the court strictly considered whether the dismissal should be with prejudice as potential "additional terms and conditions" given the specific circumstances of that case. Defendants' requested that the Court maintain an ongoing interest in a wage and hour arbitration that has already commenced is completely distinct from the dismissal with prejudice the court authorized in that forfeiture action.

Plaintiff respectfully contends that there is no need for any further Court involvement in this matter as the AAA individual arbitration has been filed. A simple and clean dismissal of Plaintiff's claims is more appropriate.

### CONCLUSION

For all of the reasons stated above, Plaintiff respectfully the Court immediately dismiss this action without prejudice under Rule 41(a)(2).

Dated: January 27, 2017
      White Plains, New York

                                        **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**

                                        By: */s/ Jeremiah Frei-Pearson*
                                        Jeremiah Frei-Pearson (WDNY No. 4232922)
                                        445 Hamilton Avenue, Suite 605
                                        White Plains, New York 10601
                                        Tel: (914) 298-3281
                                        Fax: (914) 824-1561
                                        jfrei-pearson@fbfglaw.com

                                        *Attorney for Plaintiff and the Putative Class*