UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL SPANO,

                    Plaintiff,

          v.                                          Civil Action No.
                                                      6:16-CV-06419-EAW
V&J NATIONAL ENTERPRISES, LLC, ET AL.

                    Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION TO FILE SUPPLEMENTAL DECLARATION ON MOTION TO COMPEL AND MOTION TO DISMISS COUNTERCLAIM

BOND, SCHOENECK & KING, PLLC
Sharon M. Porcellio, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

Katherine S. McClung, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 362-4701

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT .................................................................................................................... 4

     I.       Defendants Have Not Waived Their Right to Arbitrate ......................................... 4

     II.     Defendants Have Not Breached the Arbitration Agreement .................................. 9

CONCLUSION ............................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>Cases</u>

*Carthage Cent. School Dist. v. Reddick & Sons of Gouverneur, Inc.*,
  434 N.Y.S.2d 533 (4th Dep't 1980) .......................................................................................8

*In re Crysen/Montenay Energy Co.*,
  226 F.3d 160 (2d Cir. 2000) ..................................................................................................4

*Frank Felix Assocs. v. Austin Drugs*,
  1997 U.S. App. LEXIS 19795 (2d Cir. 1997) .......................................................................9

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
  310 F.3d 102 (2d Cir. 2002) ............................................................................................4, 5

*United Paper Machinery Corp. v. Di Carlo*,
  19 A.D.2d 143 (4th Dep't 1963), affirmed 14 N.Y.2d 814 (1964) ....................................5, 8

*Zhang v. Wang*,
  317 Fed. Appx. 26 (2d Cir. 2008) ..........................................................................................5

Defendants V&J National Enterprises, LLC ("V&J National"), V&J United Enterprises, LLC ("V&J United") and V&J Holding Companies, Inc. ("V&J Holding") (collectively, "Defendants"), through their counsel, respectfully submit this memorandum of law in opposition to Plaintiff's motion to file a supplement declaration on the motion to compel arbitration and the motion to dismiss defendants' counterclaim.

## PRELIMINARY STATEMENT

Plaintiff Daniel Spano argues that Defendants' motion to compel should be denied because they allegedly failed to pay the employer's share of the arbitration filing fee before the deadline on April 6, 2017.  However, Defendants have no legal obligation to pay that fee – both under the Spano's arbitration agreement and under the Employment Arbitration Rules of the American Arbitration Association ("AAA").

Moreover, while Plaintiff relies on a series of AAA letters requesting payment of the fee, AAA did not send any of those letters to V&J Employment Services, Inc. ("V&J Employment") – a non-party and the only entity obligated to pay the fee under Spano's arbitration agreement – or Defendant V&J United.  AAA sent only two of the seven letters to Defendant V&J National, but at an incorrect – and non-existent – address.  Furthermore, AAA demanded payment of an incorrect (and inflated) filing fee amount.

Given these circumstances, Defendants did not breach the Agreement by failing to respond to letters that were not mailed to most of them and that demanded an incorrect filing fee amount that Defendants were not legally obligated to pay under both the Agreement and AAA's Employment Arbitration Rules.

In any event, the arbitration filing fee at issue was ultimately paid and this payment was only two business days late.  Ironically, Plaintiff has failed to submit his arbitration fee,[1] has delayed the arbitration process by over a month, and is currently refusing to engage in arbitration.  Defendants are ready to proceed with arbitration, and request that this Court compel Plaintiff to engage in the arbitration that he filed.

## FACTUAL BACKGROUND

In November 2015, Plaintiff Daniel Spano executed the Agreement with his employer, V&J Employment.  (*See* Garagozzo Decl. Ex. 1).[2]  The Agreement provided that "[i]n any arbitration, the then prevailing employment dispute resolution rules of the American Arbitration Association will apply, except that . . . if [Spano] is the one filing the claim, V&J will pay that portion of the arbitration filing fee in excess of the similar court filing fee had [Spano] gone to court . . ."  (*See id.*, Ex. 1, ¶ 5).  The term "V&J" is defined earlier under the Agreement as "V&J Employment Services, Inc."  (*See id.*, Ex. 1, ¶ 1).  Thus, the Agreement expressly provides that V&J Employment shall pay the filing fee for any arbitration.

The standard fee in AAA arbitrations filed by an employee against an employer is $1,700.  (*See* McClung Decl. Ex. B).  The applicable filing fee in the Western District of New York is $400.  (*See* McClung Decl. Ex. C).  Thus, pursuant to the Agreement, V&J Employment's payment obligation was limited to $1,300 (*i.e.*, the difference between $1,700 and $400).

---

[1]  AAA refunded Plaintiff's initial payment on April 7, 2017.  After the employer's filing fee was mailed on April 10, 2017, AAA contacted Plaintiff and invited him to resume the arbitration by re-submitting the filing fee.  Plaintiff has failed to do so.  (*See* Factual Background, *infra*).

[2]  Parenthetical references to "Garagozzo Decl." refer to the Declaration of Wendy Garagozzo in support of Defendants' motion to compel individual arbitration, dated October 4, 2016 and filed at Docket 17.

On December 30, 2016, Plaintiff Spano purported to commence an arbitration proceeding against Defendants and V&J Employment (collectively, the "Arbitration Respondents") by filing an Arbitration Submission with AAA.   (*See* Frei-Pearson Decl. ¶ 4).[3]   Plaintiff's Arbitration Submission did not "set forth the names, addresses and telephone numbers of the parties" as required by the applicable rules.   (*See* McClung Decl. Ex. A, at p. 16 (Rule 4(b)(i)(1)); *see also* Frei-Pearson Decl. Ex. 1 (for a copy of Plaintiff's Arbitration Submission)).   Plaintiff also did not provide AAA with contact information for the Arbitration Respondents' counsel, as required on the AAA Employment Arbitration Rules, Demand for Arbitration Form.   (*See* McClung Decl. Ex. D).   Plaintiff's counsel e-mailed a copy of his Arbitration Submission to the Arbitration Respondents' counsel at Bond, Schoeneck & King, PLLC, but he never properly served his Arbitration Submission on Defendants or their counsel as required by AAA's Employment Arbitration Rules.   (*See* Frei-Pearson Decl. ¶ 5; *see also* McClung Decl. Ex. A, at p. 28 (Rule 38)).   Bond Schoeneck & King, PLLC is not authorized to accept service on behalf of the Arbitration Respondents, and it has not consented to service by e-mail on behalf of its clients. (*See* McClung Decl. ¶¶ 4-5).

It appears that AAA was not aware that service of the Arbitration Submission was incomplete, so it sent a series of letters requesting payment of the Arbitration Respondents' arbitration fees.   (*See* Frei-Pearson Decl. Exs. 2-8).   However, AAA requested payment of the wrong amount ($1,500 instead of $1,300).   Moreover, because Plaintiff did not provide contact information for the Arbitration Respondents as required by AAA's Employment Arbitration Rules, AAA failed to send copies of its letters to each Arbitration Respondent.   AAA sent the letters to V&J Holdings.   (*See id.*).   AAA also sent two of the letters to V&J National, but at an

---

[3]  Parenthetical references to "Frei-Pearson Decl." refer to the Declaration of Jeremiah Frei-Pearson, dated April 7, 2017 and filed at Docket No. 41.

incorrect– and non-existent – mailing address in "Rochester Hills, New York."  AAA never sent any letters to V&J Employment – the only entity with any payment obligation under the Agreement – or V&J United.  (*See id.*).

On April 10, 2017, the Arbitration Respondents submitted payment of the arbitration filing fee to AAA.  (*See* Scott Decl. ¶ 3, Ex. 1).[4]  On April 21, 2017, AAA e-mailed a letter to Plaintiff's attorney and the in-house counsel at V&J Employment confirming its receipt of that payment and indicating that the arbitration could proceed once Plaintiff Spano (whose initial payment was refunded) paid his portion of the filing fee.  (*See* Spano Decl. ¶ 4, Ex. 1).  The Arbitration Respondents have not received any further correspondence from AAA, so it does not appear that Plaintiff Spano has submitted his payment to AAA.  (*See* Spano Decl. ¶ 5).

## ARGUMENT

### I.    Defendants Have Not Waived Their Right to Arbitrate

The Second Circuit has explained that waiver of the right to arbitrate as follows:

> Federal policy strongly favors arbitration as an alternative means of dispute resolution.  This preference for arbitration [has] led to its corollary that any doubts concerning whether there has been a waiver are resolved in favor of arbitration. We have often stated that waiver of arbitration is not to be lightly inferred.

*In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (internal quotation marks omitted; alteration in original) (holding that the defendants did not waive their right to arbitrate where the bankruptcy court denied motion to compel arbitration and parties subsequently engaged in litigation for eight years).

"The key to a waiver analysis is prejudice."  *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 105 (2d Cir. 2002) (internal quotations marks omitted and emphasis added).

---

[4]  Parenthetical citations to "Scott Decl." refer to the Declaration of Calvin Scott, dated May 26, 2017 and filed together with this memorandum of law.

The Second Circuit "has recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay." *Id.* at 105. Substantive prejudice can occur "when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration . . ." *Id.* Here, Plaintiff has not (and cannot) demonstrate substantive prejudice. Indeed, Plaintiff was aware that Defendants planned to proceed with arbitration, based on Defendants' representations to this Court.

Plaintiff has also not incurred "excessive cost and time delay." *Thyssen*, 310 F.3d at 105. Plaintiff has not identified any costs that he incurred as a result of the short delay in paying the employer's portion of the arbitration filing fees. There has also not been an excessive delay in time. Indeed, the employer's portion of the arbitration filing fee was paid two business days after the deadline set by AAA. (*See* Frei-Pearson Decl. Ex. 7 (setting deadline on Thursday, April 6, 2017); Scott Decl. ¶ 3 (explaining that payment was sent by overnight mail on Monday, April 10, 2017)). In contrast, Plaintiff delayed the process by a substantially longer period of time. While Defendants filed a copy of the Arbitration Agreement with their answer on August 25, 2016, Plaintiff waited over 4 months (until December 30, 2016) until filing his arbitration demand. (*See* Frei-Pearson Decl. ¶ 4; McClung Decl. ¶ 10). Moreover, as of the date of this brief, Plaintiff has further delayed the arbitration proceeding by over a month, by failing to respond to AAA's invitation to resume arbitration. (*See* Scott Decl. ¶ 5, Ex. 1).

Additionally, "[c]rucial to the establishment of waiver in the arbitration context is the presence of conduct by the party seeking to compel arbitration which reflects a <u>positive and unequivocal</u> election to ignore his or her arbitration rights." *Zhang v. Wang*, 317 Fed. Appx. 26, 28 (2d Cir. 2008) (internal quotation marks omitted; alteration in original; emphasis added); *see also United Paper Machinery Corp. v. Di Carlo*, 19 A.D.2d 143, 144 (4th Dep't 1963), affirmed

14 N.Y.2d 814 (1964) (holding that the respondent's decision to commence litigation after filing a demand for arbitration "was a positive and unequivocal election to ignore its contractual right to arbitration . . .").

Defendants have made no such positive and unequivocal election.  Plaintiffs argue that Defendants waived their right to arbitrate because they did not pay the arbitration filing fees after AAA sent a series of letters.  However, Defendants have no legal obligation to pay the arbitration filing fees.  The Agreement expressly provides that V&J Employment is the only entity obligated to pay the arbitration filing fees under the Agreement.  AAA never sent a letter demanding payment to V&J Employment, presumably because Plaintiff Spano failed to comply with AAA's rules requiring the provision of all parties' contact information in the arbitration submission. (*See* Frei-Pearson Decl. ¶ 1 (Plaintiff's arbitration submission); *see also id.* ¶¶ 2-8 (AAA's letters); McClung Decl. Ex. A, at p. 16 (Rule 4(b)(i)(1))).  As a result, AAA apparently did not have V&J Employment's contact information, and most of the letters were sent only to V&J Holdings.  (*See* Frei-Pearson Decl. Exs. 2-5, 7).  Two letters were also sent to V&J National, but at a wrong – and non-existent – address in "Rochester Hills, New York."  (*See* Frei-Pearson Decl. Exs. 6, 8).

Furthermore, Defendants also had no obligation to pay the arbitration filing fee under AAA's Employment Arbitration Rules.  Those Rules provide that "[t]he employer's share [of the filing fee] is due as soon as the employee meets his or her filing requirements, even if the matter settles."  (*See* McClung Decl. Ex. A, at p. 34).  Rule 4 lists the following filing requirements:

> Arbitration shall be initiated in the following manner . . . The initiating party (hereinafter "Claimant[s]") shall:
>
> (1) File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. . . . The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. <u>The Demand shall set forth the</u>

<u>names, addresses, and telephone numbers of the parties</u>; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

(2) <u>Simultaneously provide a copy of the Demand to the other party</u> (hereinafter "Respondent[s]").

(3) Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

(*See* McClung Decl. Ex. A, at p. 16 (emphasis added)).   As discussed above, Plaintiff Spano's arbitration failed to include the contact information for the parties, as mandated by the filing requirements.   (*See* Frei-Pearson Aff. Ex. 1).   Moreover, Plaintiff Spano also failed to provide the required notice to the Arbitration Respondents.   Rule 38 explains the notice requirement as follows:

Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules . . . may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

(*See* McClung Decl. Ex. A, at p. 28).   However, Plaintiff Spano's counsel only e-mailed the arbitration demand to Defendants' counsel, which is plainly insufficient under the rules.   (*See* Frei-Pearson Aff. ¶ 5).   Service by e-mail is only permitted "[w]here all parties and the arbitrator agree . . ."   (*See id.*).   Obviously, the arbitrator has not agreed, since no arbitrator has been assigned.   (*See* McClung Decl. ¶ 10).   The Arbitration Respondents (and their counsel) have also not consented to service by e-mail.   (*See* McClung Decl. ¶ 4).

7

Moreover, the AAA letters demanded that Defendants pay more in arbitration fees than they were contractually obligated to do. The Agreement provides that V&J Employment "will pay that portion of the arbitration filing fee in excess of the similar court filing fee had [Spano] gone to court . . ." (*See* Garagozzo Decl. Ex. 1, at ¶ 5). The standard fee in AAA arbitrations filed by an employee against an employer is $1,700. (*See* McClung Decl. Ex. B). The applicable filing fee in the Western District of New York is $400. (*See* McClung Decl. Ex. V). Thus, AAA should have charged V&J Employment $1,300 for the Spano arbitration. Instead, AAA sent payment notices to V&J Holdings for $1,500. (*See* Frei-Pearson Reply Decl., Exs. 2- 8).[5]

Plaintiff Spano argues that Defendants waived their right to engage in arbitration because they did not pay the arbitration filing fee after the AAA sent letters that weren't addressed to most of the Defendants, demanding payment of an incorrect filing fee amount, which they had no obligation to pay, both under the express terms of the Agreement and under the AAA's rules. Defendants simply had no legal obligation to pay any filing fee, let alone the incorrect amount. Thus, Defendants' failure to provide the demanded payment to AAA was consistent with its legal rights and not an unequivocal election to waive its right to arbitrate.

Finally, under New York law, "[a] party cannot be held to have waived his right to arbitration unless he seeks another remedy knowing that it is exclusive." *Carthage Cent. School Dist. v. Reddick & Sons of Gouverneur, Inc.*, 434 N.Y.S.2d 533, 535 (4th Dep't 1980); *see also United Paper Machinery Corp. v. Di Carlo*, 19 A.D.2d 143, 144 (4th Dep't 1963), affirmed 14 N.Y.2d 814 (1964) (holding that a party cannot waive its right to arbitration "unless he seeks [other remedies], knowing they are exclusive."). Accordingly, while New York state and federal

---

[5]   Ultimately, Respondents opted to pay the full $1,500 to avoid further confusion by AAA, but they were not legally obligated to do so. (*See* Scott Decl. ¶ 3).

8

courts have found that parties waived their right to arbitrate by pursing their claims in litigation, Plaintiff has not cited any case where a New York court found a party waived their right to arbitration due to a delay in paying their arbitration fees, and waiver on such grounds is not permissible under New York contract law.

## II.      Defendants Have Not Breached the Arbitration Agreement

For the reasons above, Defendants have not breached the Agreement.  They were not obligated to pay the arbitration filing fee under the Agreement, which expressly provided that V&J Employment – a non-party – was responsible for payment of the employer's portion of the filing fee.  Moreover, the Defendants were also not obligated to pay the arbitration filing fee under AAA's rules, because payment is not due until Plaintiff complies with the filing requirements (which he still has not done).  Furthermore, AAA's letters asking for payment were not mailed to Defendant V&J United.  AAA copied Defendant V&J National on two letters but at an incorrect – and non-existent – mailing address in "Rochester Hills, New York."  Moreover, AAA's letters sought payment of the incorrect amount.  Given these circumstances, Defendants did not breach the Agreement by failing to respond to letters that weren't mailed to most of them, which demanded an incorrect filing fee amount that Defendants were not legally obligated to pay under both the Agreement and AAA's Employment Arbitration Rules.

Moreover, even if these factual circumstances somehow constitute a breach of the Agreement by Defendants, any such breach is not material.  In determining materiality, the Court should consider the extent to which Plaintiff will be deprived of the benefit which he reasonably expected and the extent to which the agreement provides for performance without delay.  *See Frank Felix Assocs. v. Austin Drugs*, 1997 U.S. App. LEXIS 19795, at *15 (2d Cir. 1997) (citing Restatement (Second) of Contracts § 241).  Here, as discussed above, AAA is ready and willing to proceed with arbitration, as are Defendants.  Any breach of the Agreement was immediately

cured by the payment of the arbitration filing fee on April 10, 2017.  (*See* Scott Decl. ¶ 3).  The short delay in payment of the employer's filing fee has not deprived Plaintiff of the benefit of his bargain.  The Agreement also does not contain any "time of the essence" provisions with respect to the payment of the arbitration filing fee or the commencement of the arbitration.  (Indeed, Plaintiff himself has delayed in re-submitting his arbitration filing fee by over a month).

Finally, Plaintiff relies on a case from the Ninth Circuit for the proposition that courts need to avoid creating a "perverse incentive scheme" under which employers could refuse to arbitrate claims, in hopes that employees would abandon their claims rather than come to court.  However, this case is simply inapplicable.  Plaintiff Spano came to court first, and his lawsuit was still pending.   Plainly, Defendants were facing Plaintiff's claim either in court or in arbitration.  There was not potential "perverse incentive" in Defendants' conduct.

## **CONCLUSION**

Defendants respectfully request this Court grant its motion to compel individual arbitration, stay this action pending such arbitration, strike the class and collective claims from Plaintiff's complaint, deny Plaintiff's motion to dismiss Defendants' counterclaim, and grant such other and further relief as the Court may deem just and proper.

DATED:  May 26, 2017                    BOND, SCHOENECK & KING, PLLC

                                        By:    /s/ Katherine S. McClung
                                            Sharon M. Porcellio, Esq.
                                            Katherine S. McClung, Esq.
                                            Michael Hickey, Esq.

                                        Avant Building – Suite 900
                                        200 Delaware Avenue
                                        Buffalo, New York 14202-2107
                                        Telephone:  (716) 416-7000
                                        Fax:  (716) 416-7001

350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 263-4701

*Attorneys for Defendants*

TO:     Jeremiah Frei-Pearson, Esq.
        D. Greg Blankinship, Esq.
        Finkelstein, Blankinship,
           Frei-Pearson & Garber, LLP
        445 Hamilton Avenue, Suite 605
        White Plains, NY  10601

11

2904609.2