UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL SPANO, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC,
V&J UNITED ENTERPRISES, LLC, and
V&J HOLDING COMPANIES, INC.,

      Defendants.

Case No. 6:16-cv-06419-EAW

---

# PLAINTIFF'S MEMORANDUM OF LAW IN
# SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

{00287517 }

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL BACKGROUND .......................................................................................... 2

ARGUMENT ............................................................................................................................ 4

I.       Legal Standard ............................................................................................................ 4

II.      The Class Action Waiver Is Unenforceable Without Arbitration ........................ 5

        A.      Without The Arbitration Agreement,
                The Class Action Waiver Is Prohibited By The FLSA ............................. 5

        B.      Without The Arbitration Agreement,
                The Class Action Waiver Is Prohibited By The NLRA And NLGA ....... 6

        C.      Without The Arbitration Agreement,
                The Waiver Is Unenforceable Under New York Law ............................... 8

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
  684 F.3d 36 (2d Cir. 2012) .................................................................................................. 4

*Armenta v. Dirty Bird Grp., LLC*,
  No. 13-4603, 2014 WL 3344287 (S.D.N.Y. June 27, 2014) ........................................... 6

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) ........................................................................................................... 7

*Barrentine v. Arkansas-Best Freight Sys., Inc.*,
  450 U.S. 728 (1981) ........................................................................................................... 5

*Chao v. Gotham Registry, Inc.*,
  514 F.3d 280 (2d Cir. 2008) .............................................................................................. 6

*Cheeks v. Freeport Pancake House, Inc.*,
  796 F.3d 199 (2d Cir. 2015) .............................................................................................. 6

*D.R. Horton, Inc. v. N.L.R.B.*,
  737 F.3d 344 (5th Cir. 2013) ............................................................................................. 7

*Epic Sys. Corp. v. Lewis*,
  137 S. Ct. 809 (2017) ......................................................................................................... 4

*Ernst & Young, LLP v. Morris*,
  137 S. Ct. 809 (2017) ..................................................................................................... 1, 4

*Gold v. New York Life Ins. Co.*,
  153 A.D.3d 216 (1st Dept't 2017) ......................................................................... 2, 3, 4, 8

*Hinterberger v. Catholic Health*,
  No. 08-380, 2009 WL 4042718 (W.D.N.Y. Nov. 19, 2009) .......................................... 4

*Killion v. KeHE Distrib., LLC*,
  761 F.3d 574 (6th Cir. 2014) .......................................................................................... 5, 7

*Lewis v. Epic Systems Corp.*,
  823 F.3d 1147 (7th Cir. 2016) ........................................................................................... 7

*Mei Xing Yu v. Hasaki Rest., Inc.*,
  319 F.R.D. 111 (S.D.N.Y. 2017) ....................................................................................... 5


*Morris v. Ernst & Young, LLP,*
  834 F.3d 975 (9th Cir. 2016) .................................................................................... 7

*N.L.R.B. v. Alternative Entertainment, Inc.,*
  858 F.3d 393 (6th Cir. 2017) .................................................................................... 6

*NLRB v. Murphy Oil USA, Inc.,*
  137 S. Ct. 809 (2017) ............................................................................................... 4

*Patterson v. Raymours Furniture Company, Inc.,*
  659 Fed. Appx 40 (2d Cir. 2016) ............................................................................. 7

*Redzepagic v. Hammer,*
  No. 14-9808, 2017 WL 780809 (S.D.N.Y. Feb. 27, 2017) ...................................... 5

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
  471 U.S. 290 (1985) ................................................................................................. 5

*Williams v. Amalgamated Transit Union Local 282,*
  No. 13-6488, 2017 WL 1046753 (W.D.N.Y. Mar. 20, 2017) .................................. 4

**Statutes**

29 U.S.C. 216(b) ............................................................................................................ 5

29 U.S.C. §§ 102, 103 ................................................................................................ 1, 6

29 U.S.C. §§ 157, 158(a)(1) ....................................................................................... 1, 6

**PRELIMINARY STATEMENT**

On August 30, 2017, this Court entered a Decision and Order on multiple intertwined motions, all concerning an arbitration defense put forward by Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, and V&J Holding Companies, Inc. ("V&J").[1] Dkt. No. 54.  The Court's decision arrived at the correct conclusions on all fully-briefed topics, but Plaintiff Daniel Spano respectfully requests that the Court reconsider its holding in Section III that the class action waiver remains separately valid and enforceable -- a discrete topic on which the Court did not have the benefit of briefing from the Parties.

Respectfully, the Court's ruling that the class action waiver may be enforceable on its own is foreclosed by the Fair Labor Standards Act ("FLSA"), the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157, 158(a)(1), the Norris-La Guardia Act ("NLGA"), 29 U.S.C. §§ 102, 103, New York Labor Law ("NYLL"), and the public policy considerations embodied throughout these laws.  As the Court correctly held, V&J breached the arbitration agreement and thus cannot enforce the arbitration clause against Plaintiff.  Without the arbitration clause, and the attendant weight of the Federal Arbitration Act ("FAA") behind it, the class action waiver is unenforceable because it purports to waive rights granted under the FLSA, which the Supreme Court has held cannot be abridged by contract (absent a countervailing federal statute), and violates the NLRA and NLGA.  The Supreme Court's forthcoming consideration of *Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017) and its consolidated cases may resolve the question of whether the FAA trumps the FLSA, NLRA, and NLGA in employment contracts, but because V&J has waived arbitration, that is no longer at issue for Plaintiff's claims.

---

[1] These motions were:  Plaintiff's Motion to Dismiss Defendants' Counterclaim for Lack of Jurisdiction and Stay this Action (Dkt. No. 15); Defendants' Motion to Compel Arbitration, Stay this Action, and Strike All Class/Collective Claims from the Complaint (Dkt. No. 17); and Plaintiff's Motion for Leave to File a Supplemental Declaration (Dkt. No. 41).

{00287517 }                                            1

Similarly, the Appellate Division recently held that class waivers are not enforceable in New York wage and hour cases. *Gold v. New York Life Ins. Co.*, 153 A.D.3d 216 (1st Dept't 2017), *judgment entered*, (N.Y. App. Div. July 18, 2017) (holding that an employer could not enforce a class action waiver in a New York Labor Law case because "waiver of collective claims violates the NLRA, and is void and invalid"). Absent a valid arbitration agreement, no New York contract can waive a party's right to bring wage and hour claims in class or collective proceedings. Accordingly, under the controlling authority of the FLSA, NLRA, NLGA, the Supreme Court, and New York's Appellate Division, Plaintiff respectfully contends that the Court should hold that the class action waiver is unenforceable and allow this case to proceed accordingly.

## PROCEDURAL BACKGROUND

On June 21, 2016, Plaintiff filed suit on behalf of himself and all other delivery drivers employed by V&J during the maximum statutory period, alleging violations of the FLSA and the NYLL. Dkt. No. 1. On August 25, 2016, V&J submitted an Answer and Counterclaim, producing an arbitration agreement allegedly executed by Plaintiff and seeking declaratory relief that Plaintiff's claims would have to be heard in arbitration. Dkt. No. 10.

Because seeking declaratory relief from the Court is prohibited under the terms of the arbitration agreement, Plaintiff moved to dismiss the Counterclaim for lack of jurisdiction on October 3, 2016. Dkt. No. 15. The next day, V&J filed a motion to compel arbitration. Dkt. No. 17. On October 24, 2016, V&J opposed Plaintiff's motion to dismiss its counterclaim. Dkt. No. 22. Plaintiff opposed V&J's motion to compel arbitration on October 25, 2016. Dkt. No. 24. After the Court granted multiple extensions while the parties engaged in settlement

{00287517 }                                                           2

negotiations, on December 27, 2016 the parties entered their respective reply briefs for these motions. Dkt. Nos. 32-33.

Believing that V&J was operating in good faith and intended to fulfil its obligations under the arbitration agreement it had produced, Plaintiff moved to voluntarily dismiss his action on October 25, 2016 (Dkt. No. 23) and initiated arbitration proceedings before the American Arbitration Association ("AAA"). Dkt. No. 35-1. V&J opposed Plaintiff's motion for voluntary dismissal on January 5, 2017. Dkt. No. 36.

However, V&J apparently pursued its arbitration defenses solely for the purpose of delaying and frustrating Plaintiff's efforts, and refused to pay its required arbitration fee to the AAA until the AAA eventually closed the arbitration on April 7, 2017. Dkt. No. 41. That day, Plaintiff withdrew his motion for voluntary dismissal and moved to submit a supplemental declaration informing the Court of V&J's failure to arbitrate. *Id*. On May 26, 2017, V&J opposed Plaintiff's motion to submit this supplemental declaration. Dkt. No. 47. Plaintiff filed his reply brief in support of his supplemental declaration on June 12, 2017. Dkt. No. 49.

On August 14, 2017, the Court held oral argument on the various arbitration-related issues before it. Dkt. No. 53. At oral argument, the Court first raised the question of whether it could find that V&J had materially breached its arbitration agreement and waived its right to enforce arbitration, but that the class action waiver in the arbitration agreement may still be enforceable, pending the Supreme Court's decision in *Lewis*. *Id.* This issue had not previously been briefed by the Parties in their filings for the various motions being considered by the Court.

On August 30, 2017, the Court issued its decision and order on the arbitration-related motions, granting Plaintiff's motion to file a supplemental declaration, denying V&J's motion to compel arbitration (based on its breach of the arbitration agreement), and denying Plaintiff's

{00287517 }   3

motion to dismiss V&J's counterclaim for lack of subject matter jurisdiction (while suggesting Plaintiff instead move to dismiss the counterclaim on the basis of V&J's waiver). Dkt. No. 54. The Court also held that the class action waiver is valid and enforceable, but, on the basis of judicial economy, deferred entering judgment on the issue pending the Supreme Court's decision in the consolidated cases concerning whether arbitration agreements, given the support of the FAA, can include enforceable class action waivers. *Id.*; *see Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017); *Epic Sys. Corp. v. Lewis*, 137 S. Ct. 809 (2017); *NLRB v. Murphy Oil USA, Inc.*, 137 S. Ct. 809 (2017).[2]

## ARGUMENT

**I.      Legal Standard**

A decision to grant or deny a motion for reconsideration "is within the sound discretion of the court." *Hinterberger v. Catholic Health*, No. 08-380, 2009 WL 4042718 at *2 (W.D.N.Y. Nov. 19, 2009). In considering such a motion, a court will generally look to whether there are "controlling decisions or data that the court overlooked." *Williams v. Amalgamated Transit Union Local 282*, No. 13-6488, 2017 WL 1046753 at *1 (W.D.N.Y. Mar. 20, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). The guiding principle for a motion for reconsideration is that "[i]t is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.*

---

[2] Fellow delivery driver Jacqueline Beebe filed a related action on February 2, 2017, covering the same putative class and collective and the same claims. *See Beebe v. V&J National Enterprises, LLC*, No. 17-6075, Dkt. No. 1 (W.D.N.Y. Feb. 2, 2017). Magistrate Judge Payson granted conditional certification of the FLSA collective on June 14, 2017. *Id.* at Dkt. No. 44.

Plaintiff does not bring this motion for reconsideration to take a proverbial "second bite at the apple," as the issue of the separate enforceability of the class action waiver was never argued or briefed prior to the oral argument on August 14, 2017. *See* Dkt. No. 53. Rather, Plaintiff moves for reconsideration only to draw the Court's attention to the controlling law on this narrow issue, embodied in the FLSA, NLRA, NLGA, and New York law, under which the class action waiver cannot survive without the arbitration agreement and the force of the FAA.

## II.     The Class Action Waiver Is Unenforceable Without Arbitration

### A.     Without The Arbitration Agreement, The Class Action Waiver Is Prohibited By The FLSA

Where "no arbitration agreement is present," there is "no countervailing federal policy that outweighs the policy articulated in the FLSA" protecting workers' rights to participate in a collective action. *Killion v. KeHE Distrib., LLC*, 761 F.3d 574, 592 (6th Cir. 2014).

The FLSA specifically grants workers the right to proceed in a collective action against their employer (29 U.S.C. 216(b)) and "the [Supreme] Court has 'held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.'" *Mei Xing Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 112 (S.D.N.Y. 2017) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)). "Indeed, the statute's protections apply even 'to those who would decline its protections,' as employers might otherwise 'be able to use superior bargaining power to coerce employees . . . to waive their protections under the Act.'" *Id.* (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985); ellipses in original); *see also Redzepagic v. Hammer*, No. 14-9808, 2017 WL 780809, at *3 (S.D.N.Y. Feb. 27, 2017) ("Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not

subject to negotiation or bargaining between employers and employees."); *Armenta v. Dirty Bird Grp., LLC*, No. 13-4603, 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014) ("The FLSA places strict limits on an employee's ability to waive claims for fear that employers would coerce employees into settlement and waiver.") (internal quotations and citation omitted).

This comports with the Second Circuit's observations that the FLSA "is a uniquely protective statute" and that "'the Supreme Court consistently has interpreted the Act liberally and afforded its protections exceptionally broad coverage.'" *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016) (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir.2008)).

### B. Without The Arbitration Agreement, The Class Action Waiver Is Prohibited By The NLRA And NLGA

Under the NLRA, "[e]mployees shall have the right . . . to engage in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection" (29 U.S.C. § 157) and "[i]t shall be an unfair labor practice for an employer . . . to interfere with, restrain, or coerce employees in the exercise of [these] rights." *Id*. § 158(a)(1). Likewise, the NLGA establishes, as "the public policy of the United States," that "the individual unorganized worker . . . shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in . . . concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 102.

The Sixth, Seventh, and Ninth Circuits have all agreed with the National Labor Relations Board ("NLRB") that these provisions render class action waivers unenforceable, even in the context of arbitration agreements. *See N.L.R.B. v. Alternative Entertainment, Inc.*, 858 F.3d 393, 403 (6th Cir. 2017) ("The NLRA prohibits mandatory arbitration provisions barring collective or class action suits because they interfere with employees' right to engage in concerted activity, not

because they mandate arbitration. These are grounds that would apply to any contract."); *Lewis v. Epic Systems Corp.*, 823 F.3d 1147, 1155 (7th Cir. 2016), *cert granted* -- U.S. --, 137 S. Ct. 809 (2017) ("Contracts that stipulate away employees' Section 7 rights [to participate in class actions] or otherwise require actions unlawful under the NRLA are unenforceable."); *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 983 (9th Cir. 2016), *cert granted* -- U.S. --, 137 S. Ct. 809 (2017) (class action waiver "is the 'very antithesis' of [NLRA] § 7's substantive right to pursue concerted work-related legal claims.").

It is only because of the countervailing "national policy favoring arbitration" embodied in the FAA, and the Supreme Court's indication that individual arbitration is favored and class arbitration is disfavored (*see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)), that the Second, Fifth, and Eighth Circuits found such waivers enforceable when they are present in arbitration agreements, resulting in the current Circuit split. *See Patterson v. Raymours Furniture Company, Inc.*, 659 Fed. Appx 40, 43 (2d Cir. 2016) (noting, in an arbitration agreement case, that "[i]f we were writing on a clean slate, we might well be persuaded, for the reasons forcefully stated in Chief Judge Wood's and Chief Judge Thomas's opinions in *Lewis* and *Morris*, to join the Seventh and Ninth Circuits" but, due to precedent, remaining "on the other side of the split"); *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 360 (5th Cir. 2013) ("Requiring a class mechanism is an actual impediment to arbitration and violates the FAA.").

Without an agreement to arbitrate, however, there is no such countervailing law or national policy competing with the NLRA and NLGA. *Accord Killion*, 761 F.3d at 592. The purported waiver of Plaintiff's right to collective action continues to violate the NLRA and NLGA, and without the saving grace of the FAA behind it, this waiver is therefore unenforceable.

      C.      **Without The Arbitration Agreement, The Waiver Is Unenforceable Under New York Law**

The Appellate Division recently held that no contract can "waive an employee's right to pursue collective legal action in any judicial or arbitral forum." *Gold*, 153 A.D.3d.  Although *Gold* conflicts with the Second Circuit's holding in *Patterson*, the Appellate Division made plain that New York law does not allow employers to enforce employees' waiver of their right to bring wage claims on a class basis.

Where, as here, there is no enforceable arbitration agreement, New York's requirement that employers cannot contractually force their employees to waive class rights is good law when interpreting New York contracts, regardless of how the Supreme Court eventually decides *Lewis*. Accordingly, V&J cannot enforce the class waiver in Plaintiff's arbitration agreement.

## **CONCLUSION**

The Court's holding that the class action waiver is "valid and enforceable" was reached without the benefit of full briefing by the Parties, and runs counter to the FLSA, NLRA, and NLGA, the public policy consideration embodied therein, and New York law.  Thus, Plaintiff respectfully requests that the Court (i) reconsider its holding in Section III of its August 30, 2017 Decision and Order, (ii) find that the class action waiver is, without the benefit of an enforceable arbitration agreement, unenforceable, and (iii) lift its stay on the case.

Dated: September 27, 2017
      White Plains, New York

                    **FINKELSTEIN, BLANKINSHIP,**
                    **FREI-PEARSON & GARBER, LLP**

                    By:   */s/ Jeremiah Frei-Pearson*
                    Jeremiah Frei-Pearson (WDNY No. 4232922)
                    445 Hamilton Avenue, Suite 605
                    White Plains, New York 10601
                    Tel: (914) 298-3281
                    Fax: (914) 824-1561
                    jfrei-pearson@fbfglaw.com

                    *Attorney for Plaintiff and the Putative Class*