# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is made and entered into as of August 27, 2018, between Daniel Spano ("Spano") and V&J National Enterprises, LLC, V&J United Enterprises, LLC, and V&J Holding Companies, Inc. (collectively "V&J").

WHEREAS, for the purposes of this Agreement, the term "V&J" includes V&J National Enterprises, LLC, V&J United Enterprises, LLC, and V&J Holding Companies, Inc., V&J Employment Services, Inc., and to the extent applicable, as direct, intended and third party beneficiaries hereof, their past and present owners, directors, officers, agents, attorneys, insurers, employees, representatives, trustees, administrators, fiduciaries, parents, subsidiaries, divisions, partners, joint ventures, sister corporations and/or affiliated business entities, predecessors, successors, heirs, and assigns, jointly and severally, in both their personal and corporate capacities; and

WHEREAS, for the purposes of this Agreement, the term "Spano" shall include Daniel Spano, his heirs, successors, agents, and assigns.

WHEREAS, Spano is the named plaintiff and only opt-in plaintiff in a putative class- and collective- action lawsuit pending against V&J in the United States District Court for the Southern District of New York, captioned *Daniel Spano, individually and on behalf of others similarly situated, v. V&J National Enterprises, LLC, et al.*, Case No. 6:16-cv-06419-EAW-MWP (the "Civil Action"); and

WHEREAS, V&J has denied and continues to deny all allegations in the Civil Action and has denied and continues to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action related to this Civil Action; and

WHEREAS, V&J produced a signed arbitration agreement and class action waiver allegedly executed by Spano; and

WHEREAS, V&J moved to compel individual arbitration of Spano's claims and appealed a decision in the Civil Action denying V&J's motion to compel arbitration to the United States Court of Appeals for the Second Circuit; and

WHEREAS, Spano submitted a motion for reconsideration in the Civil Action concerning a decision that the class action waiver may be separately enforceable; and

WHEREAS, V&J and Spano have chosen to enter into this Agreement in lieu of further litigating their respective appeal and motion for reconsideration;

WHEREAS, Spano has indicated that he wishes to dismiss the lawsuit in its entirety *with prejudice*, provided that V&J agrees to the terms below; and

WHEREAS, Spano and V&J recognize and agree that it is in their mutual best interests to resolve their differences as set forth herein; and

WHERAS, this Agreement represents a compromise of disputed matters in order to avoid the delay and uncertainties of litigation, with neither V&J nor Spano admitting to any wrongdoing; and

{00293957 }

WHEREAS, V&J and Spano wish to fully, finally and completely resolve all claims, causes of action, demands, liabilities, losses and damages of any kind, known or unknown, as defined in this Agreement; and

NOW, THEREFORE, in consideration of the covenants and obligations set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Spano and V&J agree as follows:

1. **Recitals**. The recitals set forth above are incorporated by reference as though set forth fully herein.

2. **Consideration Provided to Spano**. In consideration for Spano's execution of this Agreement, V&J will pay or cause to be paid to Spano an amount equal to four thousand and five hundred dollars and no cents ($4,500.00) ("Individual Payment"), within one (1) business day of the date the Court approves this settlement("effective date"), and further will pay or cause to be paid an amount to be determined and agreed upon at the resolution of the lawsuit pending against V&J in the United States District Court for the Southern District of New York, captioned *Jacqueline Beebe, individually and on behalf of others similarly situated, v. V&J National Enterprises, LLC, et al.,* Case No. 6:17-cv-06075-EAW-MWP (the "*Beebe* Action") to Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), Spano's counsel in the Civil Action ("Attorneys' Fees Payment," collectively with Individual Payment "Settlement Payment"). The form of the Settlement Payment will be as follows:

   a. Individual Payment. One check for four thousand and five hundred dollars and no cents ($4,500.00), less applicable payroll taxes and withholdings, will be made payable to Daniel Spano. Spano and V&J acknowledge that the Individual Payment is offered by V&J as a compromise settlement of all individual claims that Spano made or could have made in the Civil Action. Therefore, the Individual Payment is being paid out as an expense reimbursement payment and no taxes are being deducted by V&J from this payment for income or employment taxes; and

   b. Attorneys' Fees Payment. One check for an amount determined at the time the *Beebe* Action resolves. Spano and V&J agree that FBFG shall have the right to include fees incurred in this litigation in a fee application in the *Beebe* action. V&J shall have the right to respond to the fee application and contest the reasonableness of the hourly fees, the reasonableness and necessity of the time expended, other "lodestar" factors, and the basis for costs as provided by Fed. R. Civ. P. 54(d) and Local Rule 54.

The checks described in paragraph 2.a. and 2.b. shall be delivered to counsel for Spano, Jeremiah Frei-Pearson, of the law offices of FBFG.

3. **No Taxability Representations**. Spano and FBFG understand that V&J is not making any representations regarding the taxability or non-taxability of the Settlement Payment, and Spano and FBFG agree that they are individually responsible for paying appropriate taxes regarding the Settlement Payment in a timely manner.

4. **General Release.** As a material inducement for the parties to enter into this Agreement, both parties hereby fully, finally, and unconditionally releases each other from any and all claims, suits, demands, charges, debts, grievances, costs, or injuries of every kind or nature, whether known or unknown, absolute or contingent, suspected or unsuspected, which Spano had or now has

{00293957 }        -2-

against V&J and which V&J had or now has against Spano based on any matter or thing occurring or arising prior to the effective date of this Agreement, including but not limited to claims arising out of or relating to Spano's employment with V&J. This release includes, but is not limited to, claims for wages, expense reimbursements, or other compensation.

5. **Dismissal of Complaint and Counterclaim.** Spano and V&J shall stipulate to the dismissal of Spano's Complaint and V&J's Counterclaim, filed in the above referenced Civil Action, in their entirety, with prejudice within three business days of the later of: (1) the Civil Action Court's approval of this Agreement; or (2) the payment of the Attorneys' Fee Payment after the resolution of the *Beebe* Action as described in paragraph 2.

6. **Non-Admission of Liability.** This Agreement shall not in any way be construed as an admission by V&J that it is liable to any person.

7. **Assistance of Counsel and Understanding of Terms.** The General Release is intended as a legally binding obligation and known relinquishment of any and all rights of Spano against V&J and any and all rights V&J has against Spano. Both parties acknowledges that they have had the assistance and advice of counsel in reviewing and understanding the General Release, as well as the underlying Agreement, or that they have been advised to consult with counsel of their choosing regarding the General Release, and that they understand completely the General Release and the legal effects thereof.

8. **Agreement Contingent Upon Court Approval.** This Agreement is contingent upon approval by the Court in the Civil Action, which the parties agree to seek by filing a Joint Motion for Approval of Settlement, or another appropriate document, by no later than two days after this agreement is executed.

9. **Entire Agreement.** This Agreement constitutes the entire agreement between Spano and V&J. All other prior or contemporaneous agreements or understandings, verbal or written, are null and void. Furthermore, no modification of this Agreement shall be made except by written agreement between the parties.

10. **Construction of Agreement.** Should a court of competent jurisdiction hold any provision of the Agreement unenforceable or invalid, the Agreement shall be construed and enforced as if not containing that provision.

11. **Governing Law and Venue.** This Agreement shall be governed by the laws of the State of New York, and the venue for any action arising therefrom shall be the state and federal courts with jurisdiction over Monroe County, New York.

12. **Counterpart Signatures Permitted.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be a single agreement. The signatures to this Agreement need not all be on a single copy of this Agreement, and may be facsimiles or other electronic transmissions rather than originals, and shall be fully as effective as though all signatures were originals on the same copy.

[signature page to follow]

THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ THE AGREEMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS, AND A FULL UNDERSTANDING OF THE CLAIMS AND RIGHTS BEING RELEASED AND WAIVED.

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and General Release on the date(s) set forth below.

DANIEL SPANO

By: _[signature]_

Date: 8-24-18

V&J National Enterprises, LLC, V&J United Enterprises, LLC, and V&J Holding Companies, Inc.

By: _[signature]_

Its: VP - Legal Counsel

Date: 8-23-18

FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP

By: _[signature]_

Its: Partner

Date: 8-24-18

{00293957 }   -4-